UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
DENYS BELL, on behalf of himself and all other
persons similarly situated,

                     Plaintiff,                          **COMPLAINT**

    -against-

EQUINOX HOLDINGS, INC.,                        *Collective and Class Action*

                     Defendant.
-----------------------------------------------------------------------X

Plaintiff, Denys Bell ("Plaintiff"), on behalf of himself and all other persons similarly situated, by and through his attorneys, the Romero Law Group PLLC, complaining of the Defendant, Equinox Holdings, Inc. ("Defendants"), alleges:

## NATURE OF THE ACTION

1.      Plaintiff, on behalf of himself and all other persons similarly situated, brings this lawsuit seeking recovery against Defendant for violations of the prompt payment provision of the Fair Labor Standards Act, as amended (the "FLSA"), 29 U.S.C. § 201 et. seq. and alleges that he and all others who elect to opt into this action pursuant to the collective action provision of, 29 U.S.C. § 216(b) are entitled to recover liquidated damages and attorneys' fees and costs.

2.      Plaintiff also brings this action on behalf of himself, and all other persons similarly situated pursuant to Federal Rule of Civil Procedure 23 ("Rule 23"), to remedy violations of New York Labor Law § 191 ("NYLL § 191"). Defendant operates more than 40 fitness clubs in the State of New York. Plaintiff and Class Members worked as maintenance associates at Defendant's fitness clubs in the State of New York and performed manual labor for more than 25% of their work hours, but were not paid their wages weekly, and within seven calendar days after the end of the workweek as required by NYLL § 191.

3.      Plaintiff seeks injunctive and declaratory relief, liquidated damages, attorneys' fees and costs and other appropriate relief pursuant to NYLL § 198(1-a).

### JURISDICTION AND VENUE

4.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, which confers original jurisdiction upon this Court for actions arising under the laws of the United States, as well as pursuant to 29 U.S.C. § 216(b).

5.      Jurisdiction is also proper under 28 U.S.C. § 1332(d) as the Fed. R. Civ. P. 23 class alleged herein is comprised of over one hundred (100) members and have damages in excess of $5,000,000.00, exclusive of interest and costs. There is also one class member from each class who is a citizen of and resides in a state other than New York or Delaware.

6.      Venue is proper in the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

### PARTIES

7.      Defendant is a foreign business corporation and a citizen of the State of Delaware.

8.      Upon information and belief, the amount of qualifying annual volume of business for Defendant exceeds $500,000.00 and thus subjects Defendant to the FLSA.

9.      Upon information and belief, Defendant is engaged in interstate commerce, independently subjecting Defendant to the FLSA.

10.     At all times relevant, Plaintiff was an "employee" within the meaning of 29 U.S.C. § 203(e)(1) and NYLL § 190(2), and a "manual worker" within the meaning of NYLL § 190(4).

11.     At all times relevant, Defendant employed employees who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise

working on goods and materials which have moved in or been produced for commerce within the meaning of 29 U.S.C. §§ 203(b), (g), (i), (j), (r) & (s).

## THE FLSA COLLECTIVE ACTION

12.     At all times relevant, Plaintiff and other FLSA Collective Action Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decision, policy, plan and common policies, programs, practices, procedures, protocols, routines, and rules with respect to the frequency of their pay and the untimely payment of wages.

13.     Plaintiff and FLSA Collective Plaintiffs had similar job duties and frequency of pay. Plaintiff and Collective Plaintiffs spent over 25% of their working time performing physical labor including but not limited to sweeping, vacuuming and mopping floors; scrubbing toilets and showers; collecting, laundering, folding and stacking towels; organizing weights; cleaning fitness equipment; removing refuse.

14.     Plaintiff and FLSA Collective Plaintiffs were paid their wages bi-weekly.

15.     Defendant applied its company-wide bi-weekly payment policy to Plaintiff and Collective Plaintiffs uniformly.

16.     Plaintiff and FLSA Collective Plaintiffs were uniformly deprived of the time value of their earned wages during periods in which payment was delayed.

17.     Plaintiff and FLSA Collective Plaintiffs were uniformly deprived of the ability to use their earned wages - money to which they were legally entitled - during periods in which the payment of their wages was illegally delayed.

18.     Plaintiff and FLSA Collective Plaintiffs lost the time value of their earned wages.

19.     Plaintiff brings claims against Defendant on behalf of himself and all former and current employees who worked as maintenance associates at Defendant's fitness clubs located in the State of New Yok between February 26, 2022 and April 17, 2023, who give their consent, in writing, to become plaintiffs.

20.     Upon information and belief, there are many current and former employees of Defendant who are similarly situated to the Plaintiff, who were denied prompt payment of their wages in violation of the FLSA.  The named Plaintiff is representative of those other workers and is acting on behalf of the Defendant's current and former employees' interests as well as his own interest in bringing this action.

21.     Plaintiff seeks to proceed as a collective action pursuant to 29 U.S.C. § 216(b) on behalf of himself and all similarly situated persons who work or have worked for Defendant as maintenance associates at Defendant's fitness clubs in the State of New York at any time between February 26, 2022 and April 17, 2023, who give their consent, in writing, to become plaintiffs.

22.     The identities of the FLSA Collective Plaintiffs are readily ascertainable.  For the purpose of notice, their names and addresses are readily available from the Defendant.  These similarly situated employees should be notified of and allowed to opt-in to this action pursuant to 29 U.S.C. § 216(b).

23.     Unless the Court promptly issues such a notice, the FLSA Collective Plaintiffs, who have been unlawfully deprived of prompt payment of their wages in violation of the FLSA, will be unable to secure compensation to which they are entitled.

## RULE 23 CLASS ACTION ALLEGATIONS
## NEW YORK STATE LABOR LAW

24.     Plaintiff brings NYLL claims on behalf of himself and a class of persons under F.R.C.P. Rule 23 consisting of all persons who are currently, or have been, employed by the

Defendant as maintenance associates in the State of New York between February 26, 2019 and April 17, 2023 (hereinafter referred to as the "Class" or the "Class Members").

25.    The Class Members are readily ascertainable.  The number and identity of the Class Members are determinable from the records of Defendant.  Upon information and belief, there are more than 100 Class Members who have worked for Defendant as maintenance associates in the State of New York at any time between February 26, 2019 and April 16, 2023. The hours assigned and worked, the position held, and rates of pay for each Class Member may also be determinable from Defendant's records. For purposes of notice, and for other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under F.R.C.P. Rule 23.

26.    The proposed Class is numerous such that a joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.  Although the precise number of such persons is unknown because the facts on which the calculation of that number rests presently within the sole control of Defendant, upon information and belief there are over 100 individuals who were employed by Defendant as maintenance technicians in the State of New York at any time between February 26, 2019 and April 17, 2023.

27.    There are questions of law and fact common to the Class which predominate over any questions affecting only individual class members, including, but not limited to, whether Defendant paid Class Members on a bi-weekly basis in violation of NYLL § 191 and the nature and extent of the Class-wide injury and the appropriate measure of damages for the class.

28.    Plaintiff's claims are typical of the claims of the Class that he seeks to represent. Defendant failed to pay Plaintiff's wages "on a weekly basis and not later than seven calendar days after the end of the week in which the wages are earned," as required by NYLL § 191.  Plaintiff's

claims are typical of those claims that could be alleged by any member of the Class, and the relief sought is typical of the relief that would be sought by each member of the Class in separate actions.

29.    All the Class Members were subject to the same corporate practices of Defendant. Defendant's corporate-wide policies and practices affected all Class Members similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each Class Member. Plaintiff and other Class Members sustained similar losses, injuries and damages arising from the same unlawful policies, practices, and procedures.

30.    Plaintiff is able to fairly and adequately protect the interests of the Class and has no interests antagonistic to the Class.  Plaintiff has retained counsel competent and experienced in class actions, wage and hour litigation, and employment litigation.

31.    A class action is superior to other available methods for the fair and efficient adjudication of litigation, particularly in the context of wage and hour litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in court against a corporate defendant.

32.    Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

33.    The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in significant savings of these costs.  The prosecution of separate actions by individual Class members would create a risk of inconsistent and/or varying adjudications with respect to the individual Class members, establishing incompatible standards of conduct for the Defendant. Moreover, the issues in this action can be decided by means of common, class-wide proof.

34.     The members of the Class have been damaged and are entitled to recovery as a result of Defendant's common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.

35.     In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that may result in inconsistent judgments about Defendant's practices.

36.     Furthermore, current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide Class Members who are not named in the complaint a degree of anonymity, which allows for the vindication of their rights while eliminating or reducing those risks.

## FACTUAL ALLEGATIONS

37.     Defendant operates more than 40 fitness clubs in the State of New York.

38.     Defendant employees approximately 10 to 15 maintenance associates at each of its fitness clubs.

39.     Plaintiff was employed by Defendant as a maintenance associate from in or about September 2016 until in or about August 2024.

40.     Plaintiff's job duties included cleaning the locker rooms, bathrooms and cycle rooms; sweeping, mopping and vacuuming floors; scrubbing toilets and showers; wiping counters and mirrors; collecting, washing, folding and stacking towels; filling soap dispensers; removing refuse; wiping cycles; and organizing weights.

41.     During his employment with Defendants, more than twenty-five percent of Plaintiffs' time was spent performing physical tasks.  Plaintiff's job duties required lifting,

7

carrying, pushing, pulling, bending, reaching, scrubbing, walking and remaining on his feet for long periods.

42.    Plaintiff's primary job duties were non-clerical, non-managerial, and not related to sales.

43.    At all times relevant to the Complaint, Plaintiff was a "manual worker" within the meaning of NYLL § 190(4).

44.    Plaintiff was employed by Defendant as a maintenance associate and performed custodial duties.  Plaintiff performed manual labor for more than 25% of his work hours and was a manual worker entitled to payment of his wages within seven calendar days after the end of the workweek as required by NYLL § 191(1)(a).

45.    Defendant failed to timely pay Plaintiff's wages and instead paid Plaintiffs' wages bi-weekly pursuant to its company-wide payroll policy in violation of NYLL § 191(1)(a).

46.    Each time that Defendants failed to pay Plaintiff his wages earned within seven days of the end of the workweek, Defendant deprived him of the use of money to which he was legally entitled.

47.    As a result of Defendant's failure to timely pay their wages, Plaintiff lost the time value of money.

48.    Defendant employed individuals similarly-situated to Plaintiff who worked as maintenance associates and who have spent more than 25% of their working time performing physical tasks at Defendant's fitness clubs in the State of New York and did not timely receive payment of their wages in violation of NYLL § 191(1)(a).

## FIRST CLAIM FOR RELIEF
## FLSA PROMPT PAYMENT VIOLATION

49.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

50.    Plaintiff and members of the FLSA Collective are current and former employees entitled to prompt payment of their statutorily required wages. *See Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 707 (1945).  Under the FLSA, late-paid wages are a form of unpaid wages.

51.    Defendant unreasonably withheld the wages owed to Plaintiff and the FLSA Collective Plaintiffs after the conclusion of the workweek.

52.    This delay was pursuant to Defendant's company-wide payroll policy and practice of paying their employees on a bi-weekly basis.

53.    Each time that Defendant failed to promptly pay Plaintiff and members of the FLSA Collective their wages, Defendant deprived them of the use of money to which they were legally entitled.

54.    Defendant failed to make a good faith effort to comply with the FLSA with respect to compensating Plaintiff and the FLSA Collective Plaintiffs.

55.    Because Defendant's violations of the FLSA were willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

56.    As a consequence of the willful delay of wages, alleged above, Plaintiff and the FLSA Collective incurred damages and seek to recover interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

## SECOND CLAIM FOR RELIEF
## NYLL FAILURE TO PAY TIMELY WAGES

57.    Plaintiff alleges and incorporates by reference all allegations in all preceding paragraphs.

58.    Plaintiff and Class Members were manual workers.  Defendant was required to pay the Plaintiff and Class Members on a weekly basis, and no later than seven days after the end of the workweek in which the wages were earned.

59.    Defendant failed to pay Plaintiffs and Class Members on a weekly basis and instead paid Plaintiffs and Class Members their wages bi-weekly in violation of NYLL § 191.

60.    Each time that Defendant failed to pay Plaintiff and Class Members their wages within seven days of the end of the workweek, Defendant deprived them of the use of money to which they were legally entitled.

61.    As a result of Defendant's failure to timely pay their wages, Plaintiff and Class Members lost the time value of money.

62.    Plaintiff and Class Members are entitled to damages equal to the total of the delayed wages and reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

(i.)    Certification of a collective action pursuant to 29 U.S.C. § 216(b);

(ii.)    Leave to give notice to the FLSA Collective that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit;

(iii.)    Liquidated damages under the FLSA;

(iv.)    Issuance of a declaratory judgment that the practices complained of are unlawful;

(v.)    Certification of a class action pursuant to Rule 23 of the Federal Rules of Civil procedure, designation of Plaintiff as Class Representative, and Plaintiff's Counsel as Class Counsel;

(vi.)    Liquidated Damages pursuant to NYLL § 198;

(vii.)    Pre-judgment and post-judgment interest as permitted by law;

(viii.)    Reasonable attorneys' fees and the costs incurred in prosecuting these claims; and

(xi.)    Such other relief as this Court deems just and proper.

Dated:  Hauppauge, New York
    February 26, 2025

ROMERO LAW GROUP PLLC

By:    */s Peter A. Romero*
_____
Peter A. Romero, Esq.
490 Wheeler Road, Suite 277
Hauppauge, New York 11788
Tel. (631) 257-5588
promero@romerolawny.com

*Attorneys for Plaintiff*

11



**ROMERO**
**LAW GROUP PLLC**
LABOR AND EMPLOYMENT LITIGATION

Peter A. Romero, Esq.
David D. Barnhorn, Esq.

Matthew J. Farnworth, Esq.

## CONSENT TO SUE

By my signature below, I hereby authorize the filing and prosecution of claims in my name and on my behalf against, Equinox , and any related entities or individual defendants, to recover unpaid wages and/or damages for untimely paid wages pursuant to the federal Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 *et seq.* and its applicable regulations and the New York Labor Law and its applicable regulations and wage orders.  I consent to being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning this action.  I hereby authorize the Romero Law Group to represent me in this case.

Denys Bell
Denys Bell

2/25/2025
Date