

Peter A. Romero, Esq.
David D. Barnhorn, Esq.

Matthew J. Farnworth, Esq.

June 18, 2025

**VIA ECF**
Hon. Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, New York 10601

Re: *Bell v. Equinox Holdings, Inc.*
Civil Case No. 25-cv-01644 (KMK)

Dear Judge Karas:

This firm represents the Plaintiff, Denys Bell ("Plaintiff"), in the above-referenced action brought against his former employer, Defendant, Equinox Holdings, Inc. ("Equinox"), alleging a "prompt payment" claim under the Fair Labor Standards Act ("FLSA") and a "frequency of pay" claim under Section 191 of the New York Labor Law ("NYLL"). *See*, D.E. 1. We write to respectfully request that the Court approve the parties' proposed resolution.

By way of brief background, on April 24, 2025, Equinox filed a request for a pre-motion conference in connection with its anticipated motion to compel plaintiff to arbitrate all the claims set forth in his complaint on an individual basis, in accordance with a written arbitration agreement, and stay this action pending the completion of arbitration. *See*, D.E. 8. Following a supplemental submission by Equinox, Your Honor scheduled the parties' pre-motion conference for May 27, 2025.

On May 9, 2025, Governor Hochul signed off on an amendment to NYLL § 198, which limited the availability of liquidated damages for violations of NYLL § 191 to instances in which there exists a prior finding or order that the employer committed such a violation. As a result of the amendment, liquidated damages are not available where, as here, the employer paid the employee wages on a regular payday, no less frequently than semi-monthly, and there is no prior finding or order the employer had ever violated NYLL § 191. Indeed, Equinox has a variance in place allowing it to pay its employees on a bi-weekly basis.

Moreover, courts in the Second Circuit are split on whether an employer can be deemed to have violated the FLSA's prompt payment requirement simply as a result of

having allegedly failed to issue prompt payment pursuant to NYLL § 191.[1] *See, e.g.*, McDonald v. H&M Fashion USA Inc., 2025 WL 744014, at *5-8 (S.D.N.Y. May 16, 2025); Rosenbaum v. Meir, 658 F. Supp. 3d 140, 147 (E.D.N.Y. 2023); Beh v. Cmty. Care Companions Inc., 2021 WL 3914297, at *4 (W.D.N.Y. Feb. 1, 2021), *report and recommendation adopted*, 2021 WL 3914320 (W.D.N.Y. June 23, 2021); *see also* Anzures v. Maredin Rest. Corp., 2024 WL 1376812, at *15 (E.D.N.Y. Jan. 24, 2024), *report and recommendation adopted*, 2024 WL 1367963 (E.D.N.Y. Apr. 1, 2024) (awarding liquidated damages for failing to issue prompt payment pursuant to Section 191); Cooke v. Frank Brunckhorst Co., LLC, 734 F. Supp. 3d 206, 215 (E.D.N.Y. 2024). Moreover, courts have also held that an employer's pay practice does not violate the FLSA's prompt payment requirement unless there has been "an unreasonably long delay in payment." Rogers, 148 F.3d at 55.

Given these and other considerations, the parties agreed to resolve all of Plaintiff's claims to avoid the costs and uncertainty of further litigation. The parties reached this resolution through arms'-length negotiations and memorialized their resolution in a Settlement Agreement and Release ("Agreement"), which is attached as **Exhibit A**. The parties respectfully submit that the Court should approve their resolution pursuant to Cheeks v. Freeport Pancake House, Inc., 796 F.3d 199 (2d Cir. 2015).

The release set forth in the Agreement is limited to claims arising under the FLSA and NYLL, and the Agreement does not contain any confidentiality, non-disclosure, or non-disparagement provisions. The Agreement is otherwise reasonable and in the best in interest of Plaintiff. The parties agreed to fully and finally resolve all of Plaintiff's claims by having Equinox pay Plaintiff a total of $15,000. Plaintiff believes the Agreement is fair and reasonable under the circumstances.

Plaintiff's estimates his potential recovery under the FLSA at trial would be approximately $33,800 and, if Plaintiff can prove that the alleged violation was willful and that a 3-year statute of limitations should be applied, $50,700. Equinox disputes this amount. In light of the significant litigation risks outlined above, and Plaintiff's objective of resolving this dispute without protracted litigation, Plaintiff believes that this resolution is fair. Although there is a possibility that Plaintiff could recover higher damages if the case proceeded to trial, there is also the possibility that he could receive much lower damages, or nothing at all, and as such, the risks and uncertainties discussed above are substantial. Plaintiff will be able to recover settlement funds more expeditiously, and with more certainty, than a judgment, since the parties would likely file motions for summary judgment. Thus, the resolution achieved reflects an arms'-length negotiation absent from fraud or collusion and is a reasonable compromise over the contested issues in this matter.

Furthermore, the Agreement does not contain a confidentiality clause that may "run afoul of the purposes of the FLSA and the public's independent interest in assuring that

---

[1] The Complaint in this case does not allege overtime claims in violation of the FLSA but rather contends Equinox violated the FLSA by failing to issue prompt payment. Although the FLSA "... does not specify when...wages must be paid." Rogers v. City of Troy, N.Y., 148 F.3d 52, 55 (2d Cir. 1998), "[c]ourts have long interpreted [FLSA] to include a prompt payment requirement." Coley v. Vannguard Urb. Improvement Ass'n, Inc., 2016 WL 7217641, at *12 (E.D.N.Y. Dec. 13, 2016); Belizaire v. RAV Investigative and Sec. Servs. Ltd., 61 F. Supp. 3d 336, 354 (S.D.N.Y. 2014).

employees' wages are fair." Flood v. Carlson Rests. Inc., 2015 WL 4111668, at *1 (S.D.N.Y. July 6, 2015) (citing Lopez, 96 F. Supp. 3d at 177-181); Cheeks, 796 F.3d at 206 (quoting Lopez, 96 F. Supp. 3d at 177) (noting judicial approval of settlements is necessary to prevent "'highly restrictive confidentiality provisions…in strong tension with the remedial purposes of the FLSA'"); Cortes v. New Creators, Inc., 2016 WL 3455383, at *4 (S.D.N.Y. June 20, 2016) (citing Lopez, 96 F. Supp. 3d at 177-181).  The Agreement also does not contain a non-disclosure or non-disparagement provision.  As a result, there are no terms in the Agreement that would offend the dictates of Cheeks.

The parties agreed to resolve Plaintiff's claims, pursuant to an appropriately limited release, for the total amount of $15,000.00 (the "Settlement Amount").  The Settlement Amount includes $5,270.00 for attorneys' fees and costs, including the filing fee. The attorneys' fee represents approximately 33.3% of the Settlement Amount after deducting for expenses and is reasonable.  Plaintiff's counsel researched and investigated the claims, conducted an in-depth and detailed inquiry regarding Plaintiff's job duties, hours worked, and compensation received, commenced this action, participated in settlement discussions and negotiated the Agreement.  Due to the contingent nature of the case, Plaintiff's counsel undertook these efforts with no ultimate guarantee of compensation. Plaintiff's counsel was zealous in the pursuit of Plaintiff's litigation objectives and secured what he believes to be a favorable result on Plaintiff's behalf.   The Settlement Amount will be made available to Plaintiff without the uncertainty and delay of trial.

Notably, while courts may now award attorneys' fees in amounts greater than one-third of the total settlement sum, plus costs, Fisher v. SD Prot. Inc., 948 F.3d 593 (2d Cir. 2020), courts have traditionally held that approval of attorneys' fees of one-third of the settlement sum, plus costs, is reasonable and routinely approve such terms in settlement agreements.  Tiro v. Public House Investments, LLC, 2013 WL 4830949, at *14 (S.D.N.Y. Sept. 10, 2013) (collecting cases); Kochilas v. Nat'l Merchant Servs., Inc., 2015 WL 5821631, at *8 (E.D.N.Y. Oct. 2, 2015) (collecting cases); McDaniel v. City of Schenectady, 595 F.3d 411, 417 (2d Cir. 2010) (noting that the percentage of recovery method is "the trend in this Circuit."); see also Oxley v. Excellent Home Care Servs., LLC, 2020 WL 589581, at *3 (E.D.N.Y. Jan. 8, 2020), report and recommendation adopted, 2020 WL 401772 (E.D.N.Y. Jan. 23, 2020) (citing Romero v. Westbury Jeep Chrysler Dodge, Inc., 2016 WL 1369389, at *2 (E.D.N.Y. Apr. 6, 2016)) (noting "courts in this Circuit have routinely found an award representing one third of the settlement amount to be reasonable" in FLSA settlements and awarding plaintiff's counsel a fee of 1/3 of the net settlement after costs, plus an award of costs); Yong Yuan Wang v. Mandarin Glen Cove, Inc., 2019 WL 5695910, at *2-3 (E.D.N.Y. Sept. 30, 2019) (citing Romero, 2016 WL 1369389, at *2) (same); Meza v. 317 Amsterdam Corp., 2015 WL 9161791, at *2 (S.D.N.Y. Dec 14, 2015) ("[C]ourts regularly approve attorney's fees of one-third of the settlement amount in FLSA cases.") (collecting cases); Cregg v. Firstservice Residential N.Y., Inc., Docket No. 15-cv-3876-LB, D.E. 14 at *4-5 (E.D.N.Y. Dec. 9, 2015) (approving one-third attorneys' fees award as "the norm in this Circuit"); Najera v. Royal Bedding Co., LLC, 2015 WL 3540719, at *3 (E.D.N.Y. June 3, 2015) (collecting cases); Calle v. Elite Specialty Coatings Plus, Inc., 2014 WL 6621081, at *3 (E.D.N.Y. Nov. 21, 2014) ("[O]ne-third contingency fee is a commonly accepted fee in this Circuit."); Rangel v. 639 Grand St. Meat & Produce Corp., 2013 WL 5308277, at *1 (E.D.N.Y. Sept. 19, 2013) (observing that in FLSA cases, district courts in the Second Circuit routinely approve of fees that amount to one-third of

the total recovery, plus costs). Courts have held that a one-third recovery is appropriate in a case where, as here, Plaintiff's counsel's fee entitlement is entirely contingent upon success of a settlement or award. See Massiah v. MetroPlus Health Plan, Inc., 2012 WL 5874655, at *8 (S.D.N.Y. Nov. 20, 2012) (collecting cases) (one-third recovery is "presumptively reasonable" where "Counsel's fee entitlement is entirely contingent upon success"). Thus, Plaintiff's counsel's requested fees of less than one-third of the net settlement sum after deducting for litigation costs is certainly reasonable.

Additionally, the reasonableness of the fee for which approval is requested here is further solidified by "[a]pplying the lodestar method as a cross check." Guaman v. Ajna-Bar NYC, 2013 WL 445896, at *1 (S.D.N.Y. Feb. 5, 2013) (citing Goldberger v. Integrated Resources, Inc., 209 F.3d 43, 50 (2d Cir. 2000)). In order to calculate the lodestar check, Plaintiff's counsel multiplied the attorney hours spent on the case by each individual's reasonable hourly rate. See Healey v. Leavitt, 485 F.3d 63, 71 (2d Cir. 2007). Plaintiff's counsel's lodestar amount is $5,275.00 (Exhibit B). Plaintiff's counsel's representation in this matter is subject to a contingency retainer, creating an inherent risk that this firm could receive no compensation for its efforts in this action if the lawsuit were not successful or if Plaintiff were unable to collect a judgment. Moreover, Plaintiff's counsel provided quality representation by zealously pursuing Plaintiff's litigation objectives and obtaining a favorable settlement. The reasonable value of Plaintiff's claims was attained efficiently through an early resolution. Reducing attorneys' fees in a single plaintiff FLSA case might forestall a resolution that can be achieved earlier in a case and disincentivize the early resolution of these claims.

Plaintiff's counsel is a boutique employment litigation law firm with a substantial practice primarily representing plaintiffs in wage and hour matters, including individual, collective action and class action matters, and employment discrimination matters in both state and federal courts. Plaintiff's counsel graduated from St. John's University School of Law in 2003. He was admitted to practice in New York in November 2003, the United States District Court for the Southern District of New York in August 2004, and the United States District Court for the Eastern District of New York in October 2004. Plaintiff's counsel previously worked for a prominent employment law litigation firm as an associate from July 2004 until January 2009 and as a partner from January 2009 until June 2015. Thereafter, beginning in June 2015 through the present, the undersigned has operated his own employment law litigation firm. Throughout his legal career, beginning in July 2004 through the present, he has focused his practice almost entirely on employment law litigation, where a majority of his cases have been comprised of individual, collective action and class action wage and hour lawsuits in federal and New York courts. Plaintiff's counsel has been appointed as Class Counsel in numerous class action cases in federal and New York courts. Throughout his career, he has conducted numerous trials and arbitrations in employment law disputes, including wage and hour matters. Plaintiff's counsel is also an active member of the National Employment Lawyers Association, an entity that focuses on employee rights in the workplace and whose membership consists of lawyers that primarily, or exclusively, represent employees. Plaintiff's counsel has also been selected as a Super Lawyer in "Employment Litigation" for the years 2019 through 2025.

If Plaintiff's counsel were seeking fees pursuant to the lodestar, Plaintiff would seek hourly rates of $450.00 per hour for the undersigned and $350.00 per hour for David

D. Barnhorn, Esq.[2] "A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" Spain v. Kinder Stuff 2010 LLC, 2015 WL 5772190, at *8 (E.D.N.Y. Sept. 29, 2015) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)). "The reasonable hourly rates should be based on rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (internal quotation marks omitted)).

Here, if Plaintiff's counsel were seeking fees pursuant to the lodestar, Plaintiff would seek hourly rates of $450.00 per hour for Peter A. Romero, Esq. and $350.00 per hour for David D. Barnhorn, Esq. "A reasonable hourly rate is 'the rate a paying client would be willing to pay,' 'bear[ing] in mind that a reasonable paying client wishes to spend the minimum necessary to litigate the case effectively.'" Spain v. Kinder Stuff 2010 LLC, 2015 WL 5772190, at *8 (E.D.N.Y. Sept. 29, 2015) (quoting Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. of Albany & Albany Cty. Bd. of Elections, 522 F.3d 182, 190 (2d Cir. 2008)). "The reasonable hourly rates should be based on rates prevailing in the community for similar services of lawyers of reasonably comparable skill, experience, and reputation." Id. (quoting Cruz v. Local Union No. 3 of IBEW, 34 F.3d 1148, 1159 (2d Cir. 1994) (internal quotation marks omitted)).

Here, based on the customary rates charged in this district and the experience of the attorneys responsible for this matter, hourly rates of $450.00 per hour for Mr. Romero and $350.00 per hour for David D. Barnhorn are reasonable. Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 514-515 (S.D.N.Y. 2011); Harry v. Parkview Operating Co., LLC, Docket No.: 24-cv-00292 (PMH) (S.D.N.Y. Oct. 20, 2024) (approving individual plaintiff wage and hour settlement and finding award of attorneys' fees reasonable pursuant to lodestar crosscheck based on an hourly rate for Mr. Romero of $450.00); Grant v. Bagel Products Inc. et al. E.D.N.Y. 25-cv-00110 (JWW), approving an hourly rate of $450 for Mr. Romero; Asare v. Change Grp. of New York, Inc., 2013 WL 6144764, at *19 (S.D.N.Y. Nov. 18, 2013) (citing In re Nissan Radiator/Transmission Cooler Litig., 2013 WL 4080946 (S.D.N.Y. May 30, 2013) ("finding reasonable attorneys' fees based on hourly rates ranging from $750 (partner) to $650 (associate)"); and In re Telik, Inc. Sec. Litig., 576 F.Supp.2d 570, 589 (S.D.N.Y. 2008) ("finding reasonable hourly rates ranging from $700 to $750 per hour")) (approving the following rates as reasonable in wage and hour class action settlement: "$750 per hour for partner time; $500 per hour for senior associate time; $300 per hour for associate time and $150 per hour for paralegal/staff time"); Raniere v. Citigroup Inc., 310 F.R.D. 211, 221 (S.D.N.Y. 2015) (approving class settlement based on percentage of fund method and finding hourly rates of $650-950 per hour for partners, $350-600 per hour for associates, and $180 per hour for staff and paralegals as reasonable during lodestar crosscheck analysis); Guailpa v. N.Y. Pro Signs Inc., 2014 WL 2200393, at *9-10 (S.D.N.Y. May 27, 2014) (approving rate of $600 per

---

[2] While this firm primarily represents clients on a contingency fee basis, we have also represented some clients on an hourly basis. Depending on each client's respective financial abilities, clients have agreed to compensate the firm at rates ranging between $300.00 and $500.00 per hour. Accordingly, the firm's requested rates are well within the normal rates awarded in contingency fee matters and the rates actually received by paying clients.

hour, in wage-and-hour case, for attorney who graduated law school in 1995), rep. and rec. adopted sub nom., Guallpa v. N.Y. Pro Signs Inc., 2014 WL 4105948 (S.D.N.Y. Aug. 18, 2014); Scott v. City of New York, 642 F.3d 56, 59 (2d Cir. 2011) (holding that rate of $550 per hour in FLSA case was reasonable); Siegel v. Bloomberg L.P., 2016 WL 1211849, at *5-6 (S.D.N.Y. Mar. 22, 2016) (awarding partners hourly rates of $505 to $550 per hour and associates hourly rates of $275.00 to $350 per hour in FLSA action); Lora v. J.V. Car Wash, Ltd., 2015 WL 7302755, at *4-6 (S.D.N.Y. Nov. 18, 2015) (adopting report and recommendation and finding $500 per hour to be reasonable rate in FLSA case for attorney with 28 years' experience); Gonzalez v. Scalinatella, Inc., 112 F.Supp.3d 5, 28 (S.D.N.Y. 2015) (awarding hourly rate of $450 to partner with significant experience in FLSA actions); Gurung v. Malhotra, 851 F. Supp. 2d 583, 597 (S.D.N.Y. 2012) (awarding hourly rate of $450 to partner with demonstrated experience and skill in employment litigation); Sanchez v. I&A Rest. Corp., 2017 WL 2537814, at *4 (S.D.N.Y. May 22, 2017) (awarding hourly rate of $450 to partner with significant experience in FLSA actions); Soto, 2016 WL 7396687, at *5 (finding $450 per hour a reasonable rate for experienced litigator in FLSA case); HRB Prof'l Res. LLC v. Bello, No. 17-CV-7443 (KMK), 2018 WL 4629124, at *8 (S.D.N.Y. Sept. 27, 2018) (collecting cases) (ruling nearly seven years ago, citing approvingly of cases awarding partners and experienced litigators rates of $400.00 to $600.00 per hour); Pineda v. Frisolino, Inc., 2018 WL 3628898, at *2 (S.D.N.Y. July 30, 2018) (ruling nearly seven years ago, approving rates for senior associate at $400.00 per hour and other associates at $300.00 per hour in FLSA and NYLL litigation); Sara Designs, Inc. v. A Classic Time Watch Co. Inc., 2018 WL 2976009, at *4 (S.D.N.Y. June 13, 2018) (ruling nearly seven years ago, approving rate of $450.00 per hour for partner, $325 for senior associate, and $275 per hour for junior associate); Payne v. Kirkland, 2017 WL 5952707, at *3-4 (S.D.N.Y. Nov. 30, 2017) (noting partners in small firms have been awarded rates of $550 to $650 per hour, and awarding partner with 13 years of specialized experience in civil rights cases a rate at $475.00 per hour); Torres v. Gristede's Operating Corp., 2012 WL 3878144, at *3 (S.D.N.Y. Aug. 6, 2012), aff'd, 519 F. Appx. 1 (2d Cir. 2013) (citing Clover v. Shiva Realty of Mulberry, Inc., 2011 WL 1832581, at *1 (S.D.N.Y. May 13, 2011)) (noting, thirteen years ago, in FLSA and NYLL matter that "[c]onsistent precedent in the Southern District reveals that rates awarded to experienced civil rights attorneys over the past ten years have ranged from $250 to $600, and that rates for associates have ranged from $200 to $350, with average awards increasing over time" and finding that hourly rates of $550 and $500 were reasonable for partners in FLSA case); Jin M. Cao v. Wu Liang Ye Lexington Rest., Inc., 2010 WL 4159391, at *8 (S.D.N.Y. Sept. 30, 2010) (citing LV v. New York City Dept. of Educ., 700 F. Supp. 2d 510, 518-525 (S.D.N.Y 2010)) (noting, fifteen years ago, in FLSA and NYLL matter that "[t]he rates sought by plaintiffs' counsel ($400 for partners, $350 for litigation counsel, $300 for associates with three to seven years of experience, and $200 for associates with one to two years of experience) are consistent with (or lower than) the rates used in other cases involving attorney fee awards..."); see also Nuno Carrera v. DT Hosp. Grp., 2021 WL 6298656, at *12 (S.D.N.Y. Nov. 1, 2021), report and recommendation adopted, 2021 WL 6298654 (S.D.N.Y. Dec. 7, 2021) (more than three years ago, awarding hourly rate of $300.00 for Mr. Barnhorn, in FLSA and NYLL action); Polit v. Glob. Foods Int'l Corp., 2017 WL 1373907, at *8 (S.D.N.Y. Apr. 13, 2017) (awarding $300.00 to associate with *four* years of experience who acted as lead counsel in FLSA case).

   In short, the parties' resolution is the result of substantial negotiations and compromise. The parties believe that their proposed resolution is fair, reasonable, and adequate to Plaintiff in light of the risks of litigation and should be approved.

   We appreciate Your Honor's attention to this matter.

                     Respectfully submitted,

                     */s Peter A. Romero*

                     PETER A. ROMERO

cc: All counsel of record *via* ECF